JOURNAL ENTRY and OPINION
Defendant-appellant Lenorris Jordan appeals from a judgment of conviction for possession of cocaine, raising the five assignments of error set forth in the attached appendix. After the court denied his motion to suppress, Jordan entered a no contest plea and was found guilty and sentenced by the court to a term of six months imprisonment and suspension of his driver's license for a period of one year.
Jordan claims the court erred by denying his motion to suppress and by imposing post-release control. We find no error in the court's decision on the motion to suppress. Furthermore, the court did not impose post-release control, as argued by appellant. However, we find the court did err by failing to inform appellant at his sentencing hearing that he was subject to post-release control. Therefore, we affirm in part, reverse in part, and remand for resentencing.
 FACTS AND PROCEEDINGS BELOW
The indictment filed August 17, 2001 charged Jordan with possession of drugs, to wit: cocaine, in an amount of less than five grams, in violation of R.C. 2925.11. Jordan moved the court to suppress the evidence against him, which he claimed to have been obtained in an unlawful stop, search and seizure. A suppression hearing was held on October 29, 2001.
At the hearing, police officer Richard Martinez was the only witness for the state. Officer Martinez testified that he and his partner received a radio assignment on July 23, 2001 to respond to 2019 West 105th Street, based on a report that there was a black male on the porch of this address who was doing drugs who was driving a light blue, I believe it was a Pontiac, that was parked in front of that address. When they arrived, the officers saw a blue vehicle parked in front of that address. Jordan and another man were on the porch. Jordan hollered something to someone else with him on the porch. And the guy ran through that house at that address and ran out the back door. The police officers did not pursue the man who ran.
Officer Martinez approached Jordan and told him that we had received a call for a black male selling drugs from that porch, and driving that vehicle. Jordan said it was his vehicle. The police officers then asked Jordan to step off the porch so that they could check him for weapons. While patting him down, Officer Martinez felt a crack pipe in Jordan's front shirt pocket. He removed the item from the pocket and arrested Jordan.
At the conclusion of the hearing, the court found that the unprovoked flight of the other person on the porch after Jordan said something to him created a reasonable suspicion that Jordan was involved in criminal activity, and this justified a pat-down for weapons under Terry v. Ohio (1968), 392 U.S. 1, to protect the officer's safety. When, during the pat-down he felt what he believed to be a crack pipe, he was justified in confiscating it under the plain touch doctrine enunciated in Minnesota v. Dickerson (1993), 508 U.S. 366. Therefore, the court denied the motion to suppress.
Jordan entered a plea of no contest to the charge, and the court found him guilty. Thereafter, the court sentenced him to a term of six months imprisonment. The judgment entry indicated that post release control is a part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28. The court suspended Jordan's driver's license for one year and ordered him to pay court costs.
 LAW AND ANALYSIS
Jordan's first four assignments of error allege that the court erred by denying his motion to suppress. Each assignment separately addresses the validity of (a) the initial stop; (b) the pat-down for weapons; (c) the pat-down under a jacket; and (d) the seizure of the pipe from his pocket. We address these issues together, seriatim.
The parties seemingly agree that the initial contact between Officer Martinez and Jordan was not a consensual encounter, although that is by far the most common form of contact between the police and citizenry. Consequently, we will analyze whether the police had a reasonable suspicion of criminal activity sufficient to support an investigatory stop. The anonymous report of drug use or sales at the address where Jordan was found was partially confirmed by the presence of the blue car. This fact, together with the flight of the other man when Jordan spoke to him upon the arrival of the police, and the fact that this was an area to which Officer Martinez had responded to complaints regarding drug activity probably a couple of hundred times in the past five and one-half years, together created an articulable suspicion that Jordan and the other man were involved in drug activity. Illinois v. Wardlow (2000),528 U.S. 119. This was sufficient to allow Officer Martinez to approach Jordan and question him.
Given the anonymous caller's report that the person using or selling drugs was driving the blue car, Officer Martinez's confirmation that the car belonged to Jordan did not dispel his suspicion that Jordan was involved in drug activity. Martinez testified that in his experience it is common for persons involved in drug activity to have weapons. These facts, together with those justifying the initial stop, were sufficient to create a reasonable suspicion that Jordan was armed and presented a danger to the police officer, justifying a pat-down search for weapons.
Jordan argues that the officers could only have suspected drug use or, at the most, small-quantity trafficking, which would not justify a suspicion that weapons were involved, citing State v. Warren (1998),129 Ohio App.3d 598, 605. However, the flight of the other man gave Officer Martinez reason to suspect that larger quantities of drugs were involved. Prudence dictated a limited search for weapons. See State v. Williams (1990), 51 Ohio St.3d 58.
Jordan argues that the pat-down extended beyond the scope of a limited search for weapons because Officer Martinez searched under a jacket that Jordan was wearing. The testimony does not clearly indicate that Jordan was wearing a jacket. Even if he was, it is not clear that the jacket covered the front pocket of his shirt, where the crack pipe was found. Therefore, appellant has failed to demonstrate that the search exceeded the scope of a proper pat-down search for weapons.
Finally, Jordan urges that there was insufficient evidence to show that Officer Martinez had probable cause to believe the object in Jordan's pocket was a crack pipe. Jordan asserts that probable cause was not established by Martinez's testimony that he thought or suspected the item was a crack pipe. A finding of probable cause requires only a practical and common sense determination whether under the totality of the circumstances there is a substantial basis for the officer to conclude that there is a fair probability the item is contraband. This test does not require absolute certainty. See Illinois v. Gates (1983), 462 U.S. 213. Officer Martinez testified that when he felt the object in Jordan's shirt pocket he thought it was a crack pipe. There is no evidence that he exceeded the scope of a Terry-type frisk by studying the contours of this object extensively. He testified he had felt glass pipes in pockets before, so he knew what such an object felt like. This testimony supports a determination that Officer Martinez had probable cause to believe the object was a crack pipe when he felt it. See Minnesota v. Dickerson (1993), 508 U.S. 366.
Jordan's fifth assignment of error claims the court erred by imposing post-release control. The court did not impose post-release control but simply informed Jordan that he was subject to a period of post-release control as part of his sentence. When, as in this case, a defendant has been convicted of a third degree felony for which post-release control is not mandatory, the court does not decide whether to impose post-release control. Rather, the parole board determines whether a period of post-release control is needed before it releases the prisoner. R.C.2967.28(C).
Nevertheless, the court's failure to inform Jordan that he was subject to post-release control at the sentencing hearing or at the time of his plea was error. Under the Ohio Supreme Court's decision in Woods v. Telb (2000), 89 Ohio St.3d 504, paragraph two of the syllabus, the trial court must inform a defendant that post-release control is part of his sentence either at sentencing or at the time of the plea hearing. This court has consistently held that the absence of verbal notice at the sentencing hearing runs afoul of the post-release control notice requirements, and results in prejudicial error which requires a remand for resentencing. State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136, at q60.
Accordingly, we affirm in part, reverse in part, and remand for resentencing.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. CONCURS COLLEEN CONWAY COONEY, J. DISSENTS (SEE DISSENTING OPINION).
 APPENDIX
[I] The trial court erred in violation of the Fourth andFourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when it denied Mr. Jordan's motion to suppress because there was no reasonable suspicion to believe that Mr. Jordan was engaged in criminal activity at the time he was detained by the police.
[II] The trial court erred in violation of the Fourth andFourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when it denied Mr. Jordan's motion to suppress because, assuming arguendo that Mr. Jordan was properly detained, there was still no reasonable suspicion to believe that Mr. Jordan possessed a weapon at the time the police patted him down.
[III] The trial court erred in violation of the Fourth andFourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when it denied Mr. Jordan's motion to suppress because, assuming arguendo that the police were justified in conducting a pat-down of Mr. Jordan for weapons, the pat-down of Mr. Jordan unconstituionally [sic] extended beyond a pat-down of Mr. Jordan's outer-clothing.
[IV] The trial court erred in violation of the Fourth andFourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution when it denied Mr. Jordan's motion to suppress because, assuming arguendo that the police were justified in patting down Mr. Jordan's shirt pocket, probable cause to believe that Mr. Jordan possessed a crack pipe was not immediately apparent from a cursory pat-down for weapons.
[V] The trial court erred in including mention of a post-release control term in its journal entry memorializing the sentence imposed when no mention was ever made at the time of Mr. Jordan's plea or at the time of his sentencing regarding a post-release control term.
 DISSENTING OPINION